UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CELIA SOTO,

        Plaintiff,

    v.

BIOAGE LABS, INC., et al.,

        Defendants.

Case No. 25-cv-00196-RS

**ORDER GRANTING MOTION TO APPOINT LEAD PLAINTIFF**

## I. INTRODUCTION

Four individuals—Celia Soto, Henry Suh, Southeastern Pennsylvania Transportation Authority ("SEPTA"), and David Goebel—filed cross-motions for appointment as lead plaintiff in this putative class action against Defendants BioAge Labs, Inc. ("BioAge") and individual members of its top brass. For the reasons that follow, SEPTA and its counsel are appointed lead plaintiff and lead counsel, respectively.

## II. BACKGROUND

On January 7, 2025, Celia Soto filed a complaint on behalf of a purported class of similarly situated shareholders against BioAge, a biopharmaceutical company focusing on therapies for metabolic diseases like obesity, as well as its CEO, CFO, Vice President of Finance, and seven members of its Board of Directors (collectively "Defendants"). The Complaint alleges that Defendants made materially false and misleading statements regarding BioAge's business, operations, and compliance policies—specifically, as relating to its weight loss drug candidate azelaprag. Based on the results of the first phase of a clinical trial (the "STRIDES" trial), BioAge

announced in October 2023 that it would was initiating a second phase.  In September 2024, Defendants filed a registration statement with the Securities Exchange Commission ("SEC") in connection with its planned initial public offering ("IPO").  After two amendments, the final IPO prospectus stated that BioAge expected topline results from the STRIDES trial in 2025 and was collaborating with another company for advise and assistance on the trial's design and execution.

The statement made no mention of safety concerns, but according to Plaintiffs, BioAge discontinued the Phase 2 trial after several participants showed signs of potential organ damage.  When BioAge announced the news, its stock dived from $20.09 per share on December 6, 2024 to $4.65 per share on December 9, 2024.  On the basis of these events, the Complaint alleges that Defendants are liable for violations of the Securities Act, Sections 11 and 15.

On March 10, 2025, four putative class members, named *supra*, each filed a motion seeking appointment as lead plaintiff and of their attorneys as lead counsel.  Two subsequently withdrew their motions, leaving only SEPTA and Goebel.  SEPTA claims it suffered a loss of more than $200,000, while Goebel claims he suffered a loss of more than $63,000.

### III. LEGAL STANDARD

The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §§ 78u-4 *et seq.*, governs the process by which a lead plaintiff is appointed.  The PSLRA requires that "the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of the class members" be appointed lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(I).  The PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the "person or group of persons" that (i) has either filed the complaint or made a motion in response to the published notice; (ii) in the determination of the court, has the largest financial interest in the relief sought; and (iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii).

The Ninth Circuit has articulated a three-step process for determining which plaintiff meets these criteria.  *See In re Cavanaugh*, 306 F.3d 726, 729-31 (9th Cir. 2002).  First, the court must determine whether the first plaintiff to file an action issued a notice publicizing the pendency of the action.  *Id.* at 729 (citing 15 U.S.C. § 78u-4(a)(3)(A)).  Second, the court must decide which

plaintiff has the most to gain financially from the lawsuit, and whether that plaintiff satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Id.* at 730. The Rule 23 inquiry is primarily concerned with the "typicality" and "adequacy" factors of Rule 23(a). *Id.* Finally, the court must consider other class members' attempts to rebut the presumptive plaintiff's showing that it satisfies Rule 23. *Id.* As long as the plaintiff with the largest financial interest satisfies the typicality and adequacy requirements, and withstands any rebuttal attempt, it must be appointed lead plaintiff. *Id.* at 732.

With respect to lead counsel, "[a] court generally should accept the lead plaintiff's choice of counsel unless it appears necessary to appoint different counsel to protect the interests of the class"; this determination involves "consider[ation] of the competency of class counsel as a part of the lead plaintiff's adequacy assessment." *Moradpour v. Velodyne Lidar, Inc.*, No. 21-cv-1486-SI, 2021 WL 2778533, at *2 (N.D. Cal. July 2, 2021).

## IV. DISCUSSION

Two of the four movants for appointment as lead plaintiff have withdrawn their motions, leaving only the motions by SEPTA and Goebel. Recognizing that SEPTA has a larger financial interest in the case, Goebel seeks to be appointed only if the court finds that SEPTA fails to satisfy PSLRA's criteria for appointment.

In addition to suffering the greatest financial loss, SEPTA has also made a prima facie showing of typicality and adequacy. *See Hessefort v. Super Micro Computer, Inc.*, 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 587 (N.D. Cal. 1999) ("At this stage of the proceedings, nothing more than a preliminary showing [of adequacy and typicality] is required."). SEPTA's claims are typical of the class in that they allege Defendants made false and misleading statements in connection with its IPO and the STRIDES trial in violation of the Securities Act. SEPTA also states that it is an experienced institutional investor and that its proposed counsel has been appointed lead counsel in more than 50 securities class actions. At this stage, this showing is sufficient to find that SEPTA will vigorously prosecute the action on behalf of the class, satisfying the "adequacy" requirement of Rule 23. Because SEPTA has the greatest financial interest and preliminarily satisfies the two Rule 23

factors relevant at this stage, it is presumptively the most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Furthermore, as no opposition has been raised, this presumption holds.

Generally, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, SEPTA chose Barrack, Rodos, & Bacine to represent its interests, and the firm appears to have adequate experience in securities actions, as well as the resources and financial ability to be lead counsel.

## V. CONCLUSION

For the reasons discussed above, SEPTA is appointed as lead plaintiff, and its designated attorneys at Barrack, Rodos, & Bacine are appointed as lead counsel. Goebel's competing motion is denied.

**IT IS SO ORDERED**.

Dated: April 14, 2025

RICHARD SEEBORG
Chief United States District Judge